IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CRIMINAL NO. <u>13-30120-WDS</u> |
| JOEL A. DOZIER, | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S STATEMENT OF ELEMENTS AND MAXIMUM PENALTIES</u>**

1. The Government hereby states that the following constitute the elements of the charged offenses and the maximum penalties that can be imposed for each:

| **Statute** | **Charge** | **Elements** | **Penalties** |
|---|---|---|---|
| 18 USC 922(g)(3) | Possession of Firearm by User of Controlled Substance | First, Defendant knowingly possessed a firearm on the date charged;<br><br>Second, at the time he possessed the firearm, Defendant was an unlawful user of a controlled substance;<br><br>Third, the firearm possessed by the Defendant had traveled in interstate commerce prior to Defendant's possession of it on the date charged. | 10 years' imprisonment or $250,000 fine, <u>or both</u>;<br>3 years' supervised release;<br>$100 special assessment |
| 18 USC 922(j) | Possession of Stolen Firearm | First, Defendant knowingly possessed a firearm on the date charged;<br><br>Second, the firearm had been stolen before Defendant possessed it;<br><br>Third, Defendant knew or had reasonable cause to believe that the firearm had been stolen;<br><br>Fourth, the firearm had traveled in interstate commerce before or after being stolen. | 10 years' imprisonment or $250,000 fine, <u>or both</u>;<br>3 years' supervised release;<br>$100 special assessment |

2. A preliminary Guideline calculation is as follows (the Base Offense Level may change depending on the nature and extent of Defendant's Criminal History; the Government does not presently have a complete Criminal History for this Defendant):

| Guideline Section | Description | Level |
|---|---|---|
| 2K2.1(a)(6) | Base Level | 14 |
| 2K2.1(b)(1)(A) | 3-7 firearms (four, with relevant conduct) | +2 |
| 2K2.1(b)(4) | Obliterated Serial Number | +4 |
| 3A1.1 – 3A1.4 | Victim-Related Adjustments (do not apply in this case) | |
| 3B1.1 | Increase for Role in Offense (does not apply in this case) | |
| 3B1.2 | Decrease for Role in Offense (does not apply in this case) | |
| 3C 1.1 | Obstruction of Justice (does not apply in this case) | |
| 3E1.1 | Acceptance of Responsibility | (-3) |
| | TOTAL OFFENSE LEVEL: | 17 |

3. The final determination of Guideline Level and Sentencing Range will be determined by the Court, after receiving a Pre-Sentence Report.

Respectfully Submitted,

STEPHEN R. WIGGINTON
United States Attorney

*s/Stephen B. Clark*
STEPHEN B. CLARK
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
618-628-3700
Fax:  618-628-3730
Email:  Stephen.Clark@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 13-30120-WDS |
| ) | |
| JOEL A. DOZIER, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2013, I caused to be electronically filed the

**GOVERNMENT'S STATEMENT OF ELEMENTS AND MAXIMUM PENALTIES** with

the Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Phillip Kavanaugh:  Phillip_Kavanaugh@fd.org

    Respectfully Submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/Stephen B. Clark*
    STEPHEN B. CLARK
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL 62208
    618-628-3700
    Fax:  618-628-3730
    Email:  Stephen.Clark@usdoj.gov